UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HOWARD, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:18-CV-4182 |
| | § | |
| VANTAGE INTERNATIONAL | § | |
| MANAGEMENT, LLC, *ET AL.*, | § | |
|     *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This employment dispute is before the court on Defendants' Partial Rule 12(b)(6) Motion to Dismiss with Prejudice. Dkt. 10. Having considered the parties' submissions and the law, the court recommends that the motion be denied.

### I. Procedural Background

Plaintiff Robert Howard filed this suit against Defendants[1] on November 2, 2018 alleging violations of the Americans with Disabilities Act (ADA), Age Discrimination in Employment Act (ADEA), and Texas Commission on Human Rights Act (TCHRA). Defendant moves to dismiss the ADA and TCHRA claims. Dkt. 10. Howard has voluntarily withdrawn his TCHRA claims. Dkt. 13 at 8, n.1; Dkt. 12 (Second Amended Complaint); Dkt. 22 (Third Amended Complaint). Therefore, this Memorandum and Recommendation addresses only the ADA claim.

### II. Rule 12(b)(6) standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

---

[1] Defendants are Vantage International Management Company PTE. LTD, and Vantage Energy Services, Inc. (collectively Defendants or Vantage). On April 26, 2019, while this Motion to Dismiss was pending, Plaintiff filed a Third Amended Complaint (Dkt. 22) dismissing Vantage International Management, LLC as a Defendant in this case. The Third Amended Complaint is in all other respects identical to the Second Amended Complaint and does not impact the court's consideration of the Motion to Dismiss.

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiff's claims. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011); *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). In this case, the court considers Plaintiff's Third Amended Complaint (Dkt. 22), the EEOC Notice of Charge of Discrimination attached to Defendants' motion (Dkt. 10 at 9-14), and the EEOC's September 22, 2015 letter to Plaintiff's counsel attached to Defendants' reply (Dkt. 14-1 at 1-2).

### III.    Analysis

The ADA prohibits an employer from discriminating against a qualified individual on the basis of disability by terminating his employment, among other things. *Moss v. Harris Cty. Constable Precinct One*, 851 F.3d 413 at 417 (5th Cir. 2017). As a pre-condition to filing suit, the ADA requires a terminated employee to file a formal charge of discrimination with the EEOC

within 300 days of his termination. *Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002) (citing 42 U.S. C. § 12117, which incorporates 42 U.S.C. §2000e-5(1)). The pre-condition is intended to trigger an EEOC investigation and conciliation process that encourages voluntary compliance and eliminates discriminatory practices. *Ajaz v. Cont'l Airlines*, 156 F.R.D. 145, 147 (S.D. Tex. 1994).

According to Defendants, Howard did not file a formal charge of discrimination with the EEOC until September 16, 2015, 383 days after he was fired. Defendants contend that Howard's February 20, 2015 filing of an unverified Intake Questionnaire fails to satisfy the requirements of a "charge" under the ADA. Dkt. 10 at 3-5, Dkt 14 at 3-6.

According to the allegations in the pleadings, Howard filed his Intake Questionnaire within 148 days of termination but did not file a formal charge until more than 300 days after termination. Howard argues that the Intake Questionnaire qualifies as a "charge," or in the alternative, the filing of the formal charge on September 16, 2015 relates back to the date of the filing of his Intake Questionnaire on February 20, 2015, which was within 300 days of his termination. Dkt. 13 at 15-21. The Defendants respond that an Intake Questionnaire cannot constitute a charge under the ADA because it is not verified. Dkt. 14 at 3-6.

Because the issue before the court involves the timing and sufficiency of Plaintiff's filings with the EEOC, the court sets forth the timeline below for ease of reference and clarity. The timeline consists of Plaintiffs allegations in the Third Amended Complaint and information contained in the documents attached to the Defendant's Motion to Dismiss and Reply:

- September 25, 2014: Defendants terminate Howard.

- February 20, 2015: 148 days after termination, Howard submits an Intake Questionnaire explaining his claims and checking Box 2 authorizing the EEOC to investigate.

- February 25, 2015: The EEOC provides notice of Howard's "charge" to Defendants.

3

- September 16, 2015:  Howard signs a sworn Charge of Discrimination.

- September 22, 2015:  An EEOC Intake Supervisor informs Howard's counsel of the need for the multiple Charging Parties to file individual charges of discrimination.

- October 13, 2015:  The September 16, 2015 Charge of Discrimination is stamped received by the Houston District Office of the EEOC.

- November 9, 2015:  A Notice of Charge of Discrimination is signed by an EEOC representative and provided to Vantage.

- January 26, 2017:  The EEOC determines Defendants violated the ADA and the ADEA.

- August 8, 2018:  Howard receives the Dismissal and Notice of Right to Sue letter from the EEOC.

**A. Does An Unverified Intake Questionnaire Qualify as an ADA Charge?**

Under EEOC regulations, "a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. §1601.12(b). In addition, the ADA incorporates the administrative prerequisites of Title VII, and thus an ADA charge must be verified. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) (citing 42 U.S.C. §12117(a); *Edelman v. Lynchburg College*, 535 U.S. 106, 118 (2002) (citing 42 U.S.C. § 2000e-5(b) for requirement to swear that allegations in charge are true).

In *Patton v. Jacobs Eng'g Group, Inc.*, 874 F.3d 437, 443 (5th Cir. 2017), the Fifth Circuit held that because an ADA charge must be verified, an unverified intake questionnaire *alone* cannot be deemed a charge under the ADA. *But see Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982) (district court erred in dismissing claim as untimely as a matter of law because "while neither signed nor sworn, the form completed [by plaintiff in an EEOC interview] informed the EEOC of the identity of the parties and described the alleged discriminatory conduct in enough detail to enable it to issue an official notice of charge to [defendant], thus setting the administrative machinery in motion."). The issue in *Patton* was not the timeliness of his charge,

4

but whether the scope of the charge included his failure to accommodate claim as well as his harassment claim. *Id.* at 441. The Fifth Circuit held that the intake questionnaire should be construed "as part of the EEOC charge," and because Patton's intake questionnaire and charge "trigger[ed] the investigatory and conciliatory procedures of the EEOC," as to all of Patton's claims, his charge was sufficient to exhaust his administrative remedies. *Id.* at 443-44. Thus, while *Patton* supports the proposition that an unverified intake questionnaire standing alone does not constitute a charge, that holding is not dispositive of the timeliness of Howard's charge in this case.

### B. Can a Later Verified Charge Relate Back to the Filing of an Intake Questionnaire?

EEOC regulation 29 C.F.R. § 1601.12(b) provides:

> A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendment and amendments alleging additional facts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received.

In *Edelman v. Lynchburg College*, 535 U.S. 106, 118 (2002), the defendant moved to dismiss Edelman's claim because he filed his verified charge (or "Form 5") on April 15, 1998, 313 days after the allegedly discriminatory practice. Edelman argued that his November 14, 1997 letter to the EEOC was a timely filed charge. The Supreme Court ruled unequivocally in *Edelman* that 29 C.F.R. § 1601.12(b) permits an otherwise timely filer to verify a charge after the time for filing has expired. The Court reasoned that permitting "the relation back of an oath omitted from an original filing ensures that the lay complainant, who may not know enough to verify on filing, will not risk forfeiting his rights inadvertently. At the same time, the EEOC looks out for the employer's interest by refusing to call for any response to an otherwise sufficient complaint until the verification has been supplied." *Id.* at 115. The *Edelman* Court reversed the decision that the charge was untimely due to the lack of verification on Edelman's November 1997 letter because

5

that defect was cured by the later filed formal charge. However, the Court did not reach the employer's argument that the plaintiff's initial letter to the EEOC was not a charge because "neither he nor the EEOC treated it as one." *Id.* at 118-19. Therefore, while Edelman solidified the relation-back right, it left open the question of what an unverified letter, or intake questionnaire, must look like in a particular case to qualify for that right.

In *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008), the Supreme Court held that an intake questionnaire could be deemed a "charge" under the ADEA if "[i]n addition to the information required by the regulations, i.e., an allegation and the name of the charged party, . . . it must be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." Holowecki successfully argued that his intake questionnaire, as supplemented by a detailed six-page affidavit, met all the requirements of a charge, including a request for the agency to act, and therefore his charge was timely. However, the Court cautioned in *Holowecki* that "EEOC enforcement mechanisms and statutory waiting periods for ADEA claims differ in some respects from those pertaining to other statutes the EEOC enforces." *Id.* at 393. Indeed, one of those differences was the basis for the holding in *Patton*, in which the Fifth Circuit distinguished *Holowecki's* holding because the ADEA, unlike the ADA, does not require a charge to be verified. 874 F.3d at 443.

The Fifth Circuit addressed a situation factually similar to the one at hand in *Conner v. Louisiana Dept. of Health and Hosp.,* 247 F. App'x 480, 481 (5th Cir. 2007). Conner filed an unverified intake questionnaire with the EEOC on July 23, 2001 complaining of race and disability discrimination. The intake questionnaire prompted the EEOC to issue a notice of charge to her employer. Conner filed a verified charge of discrimination on August 24, 2001. The district court rejected Conner's argument that her charge related back to the date of filing of her intake

6

questionnaire. The Fifth Circuit reversed and remanded the case to the district court, concluding that the intake questionnaire "inform[ed] the EEOC of the identity of the parties and describ[ed] the alleged conduct in enough detail to enable the EEOC to issue an official notice of charge." *Id.* at 481. "Because the intake questionnaire was sufficient to constitute an EEOC charge and filed within the 300-day period, the district court erred in concluding that it was untimely and in dismissing Conner's complaint on that basis." *Id.* at 481-82. The holding in *Patton* is not contrary to *Conner*. *Patton* held only that the unverified intake questionnaire *alone* could not constitute a charge, and had to be construed together with the verified charge.

Applying the principles established in *Edelman*, *Holowecki*, *Conner*, and *Patton*, the court concludes that an unverified intake questionnaire may constitute a timely ADA charge if it is sufficiently detailed, requests agency action, and is supplemented by a verified charge. *See Conner*, 247 F. App'x at 481 (where plaintiff's intake questionnaire was followed by a verified charge, the district court erred in concluding the charge was untimely). Several district court cases within the Fifth Circuit support this conclusion. *See Stone v. Academy*, 156 F. Supp. 3d 840, 843 (S.D. Tex. 2016) (stating in a Title VII case: "The Fifth Circuit has recognized that an intake questionnaire that informs the EEOC of the identity of the parties and describes the alleged discriminatory conduct in enough detail to enable the EEOC to issue an official notice of charge to the respondent is sufficient to set the administrative machinery in motion."); *Reyes v. Tidewater Inc.*, Civil Action No. 17-1739, 2018 WL 4739671, at *3 (E.D. La. Oct. 2, 2018) (ADA and ADEA case citing *Holowecki* and holding: "For plaintiff's letter to be deemed a charge, it must (1) comply with EEOC regulations and (2) be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee."); *Doe v. Merritt Hospitality, LLC*, 353 F. Supp. 3d 472, 479 (E.D. La. 2018) (applying the ADA and state law and holding that "[a]n EEOC intake questionnaire may be

7

deemed a charge of discrimination if it 'both satisfies the regulatory requirements of a charge and may be reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee."); *see also Jarvis v. State of Texas*, Civil Action No. H-18-CV-1463, slip op. April 9, 2019 (concluding that Jarvis's unverified intake questionnaire was sufficiently detailed to be considered a charge and included a demand for agency action, and therefore under *Edelman* her later verification related back to the date of filing of the intake questionnaire).

### C. Does Howard's Charge Relate Back to Filing of his Intake Questionnaire?

The Intake Questionnaire itself is not before the court, although Howard alleges that it provided details of his claim and authorized the EEOC to investigate. Dkt. 22, ¶¶ 13-16. If true, the Intake Questionnaire meets the requirements for a charge deemed sufficient by the Fifth Circuit in *Conner*. However, some authority exists in the Fifth Circuit for the proposition that an intake questionnaire cannot substitute for a formal charge absent evidence that the employer received notice that the Plaintiff was pursuing a discrimination claim. *Harris v. Honda*, 213 F. App'x 258, 262 (5th Cir. 2006). *Harris*, decided about nine months before *Conner*, highlights the fact that an intake questionnaire may not satisfy the requirements of a charge in *every* case. *See Washington v. Gulf States Toyota, Inc.*, Civil Action No. 4:14-CV-2511, 2015 WL 37564867 at *4-5 (S.D. Tex. June 16, 2015) (citing *Holowecki* for the proposition that an intake questionnaire will not meet the minimum regulatory requirements of a charge in every case, and holding that plaintiff failed to present evidence that defendant received any notice of the contents of the intake questionnaire).

In *this* case, Howard alleges in his Third Amended Complaint that Defendants were timely notified on February 25, 2015 that he was pursuing EEOC charges. Dkt. 22, ¶ 17. In the context of the current motion to dismiss, it is clear that Howard has *alleged* that he had met all

preconditions to suit, including timely exhaustion of his administrative remedies. The record before the court does not establish as a matter of law that Howard's allegations are untrue. In fact, the September 22, 2015 letter from the EEOC Houston office to counsel, submitted with Defendants' reply (Dkt. 14-1), supports Howard's contention that his charge can relate back to the date of filing of the Intake Questionnaire. The September 22, 2015 letter enclosed EEOC Form 5 Charges of Discrimination for all Charging Parties and instructed them to file the formal charges. However, the letter further stated that Vantage "has been notified that the Charging Parties have initiated the charge filing process," indicating that the Intake Questionnaire did trigger agency action and that the defendant was notified of the "charge filing process" prior to September 22, 2015. The letter also assured the Charging Parties that "[f]or purposes of meeting the deadline for filing a charge, the date of your original signed document will be retained as the original filing date." The court concludes that Howard has alleged a plausible claim that his charge of discrimination was timely, and his ADA claim should not be dismissed as untimely in the context of the pending motion to dismiss.[2]

## IV. Conclusion and Recommendation

For the reasons discussed above, the court recommends that Defendants' Partial Rule 12(b)(6) motion to dismiss be **DENIED**.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass*

---

[2] Because the court recommends denying the motion to dismiss on grounds that the charge was untimely, the court does not address Plaintiff's alternative equitable tolling argument. In any event, as in *Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74, 79 (5th Cir. 1982), plaintiff's equitable arguments present questions of fact not appropriate for resolution on this motion to dismiss.

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 21, 2019, at Houston, Texas.

                                                Christina A. Bryan
                                      United States Magistrate Judge